# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**In re:**                                               **Case No.: 20-30798-KKS**

                                                           **Chapter 7**

**FOSTER, TARA COLLIER**

     **Debtor**

_____/

## MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS AND INTERESTS, PAY SECURED CREDITOR(S), INTERESTED PARTIES AND TRANSACTIONAL COSTS
(48 Bald Eagle Drive, Santa Rosa Beach, FL 32459)

    COMES NOW Karin A. Garvin, Chapter 7 Trustee, by and through her undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, to pay secured creditors, pay interested parties, pay transactional costs, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On September 30, 2020, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Karin A. Garvin was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 48 Bald Eagle Drive, Santa Rosa Beach, FL 32459, more particularly known in the official records of Walton County as:

> LOT 12 BLK H EAGLE BAY PH II RECD PB 17-13 OR 2801-1539
> (hereinafter the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by certain liens. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. a Mortgage in favor of Mortgage Electronic Registration Systems, Inc as Nominee for Bank of America, N.A. recorded in Official Records Book 2915, Page 4402, which Mortgage is now held by Mid First Bank, a Federally Chartered Savings Association, by virtue of Assignment(s) of Mortgage recorded in Official Records Book 3159, Page 1039. (the aforementioned lienholder shall hereinafter be referenced by its servicer "**Mid First**");

    b. a Notice of Federal Tax Lien in favor of the United States of America against Tara Foster dated February 9, 2018 in the amount of $349,724.54 recorded on February 20, 2018 in the Official Records of Walton County, FL at Book 3065 at Page 3931 (hereinafter, "**Internal Revenue Service**"); and

8. The Trustee has accepted an offer from Dayton E. Shepard and Loretta M. Shepard (the Buyer(s)) to purchase the Property for the gross sale price $ 340,000.00. Said price is significantly less than the aggregate sum needed to pay off all the purported lienholders in full. The Trustee believes the proposed offer from the Buyers is a fair offer for the current economy, the condition of the Property, and the length of time the Property remained on the market.

9. The Trustee seeks authority to satisfy the Mid First lien at closing and other usual and customary closing costs (more detail below). Any current real property taxes will be paid prorated.

10. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A. the Buyers have agreed to pay a Buyer's Premium of $20,000 which will be paid to the bankruptcy estate to be administered by the Trustee for the benefit of the unsecured creditors.

11. The Trustee believes the proposed sale terms shall be sufficient to pay the

administrative expenses of the bankruptcy estate in accordance with 11 U.S.C. §§ 303, 326, as may be allowed, however, certain purportedly secured creditors who hold subordinate liens on the Property, including lienholders, will not receive any share of the proposed sale proceeds.

## AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

13. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f). Nonetheless, the sale proposed by the Trustee satisfies §§ 363(f)(2) and (5).

14. The Trustee avers that she shall satisfy section 363(f) (2) insofar lienholder

4

Mid First consents to the payment of their lien in full and sale of the Property, and that she should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

15. Section 363(f)(5) provides that so long as a junior lienholder could hypothetically be compelled to accept a payment of less than the full amount of the security interest, the court could approve such a sale. See In re: Levitt & Sons, LLC, 384 B.R. 630, 648 (S.D.FL 2008). "Furthermore, if the legal or equitable proceeding contemplated by §363(f)(5) would result in a junior lienholder receiving nothing, then a § 363(f)(5) sale that pays them nothing … appear[s] to be permissible." See Scherer v. Federal National Mortgage Association (In re: Terrace Chalet Apartments, Ltd.), 159 B.R. 821, 829 (N.D. Ill 1993). See also In re: Gulf States Steel, 285 B.R. 497, 508 (Bankr. N.D. Ala. 2002)(noting that "§ 363(f)(5) permits a sale free and clear of [of liens] if the Trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt."

16. The proposed sale price and terms in the instant case are enough to satisfy the senior lienholder's claim, and it is anticipated that subordinate lienholder, the **Internal Revenue Service**, will not receive any benefit from this sale. Given the value of the Property, this creditor is effectively an unsecured creditor. The proposed treatment of this creditor is allowed pursuant to § 363(f)(5) as discussed

above. The Internal Revenue Service, has not yet filed a claim in this case and if filed, the Trustee intends on including their claim in any future proposed distribution by the estate.

17. Accordingly, under either § 363(f)(2) or § 363(f)(5), the Trustee should be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

18. The Buyers are disinterested, third party good faith buyers who qualify for those protections provided under 11 U.S.C. § 363(m), and should be afforded the same.

## **CONCLUSION**

19. The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this Motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $ 340,000.00 plus a buyer's premium of $20,000 and usual and customary closing costs as delineated on Exhibit 'A" in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtor to the Buyer;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court,

D. The Trustee requests that the 14-day appeal period provided for under B.R.C.P. Rule 6004(h) be waived so that the sale of the Property may close immediately upon the entry of an order granting the instant motion, and

E. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Karin A. Garvin
Karin A. Garvin, Esquire
Karin A. Garvin, P.L.
FL Bar No. 0106933
1801 W. Garden Street
Pensacola, FL 32502
Phone: (850) 437-5577
E-mail: kgarvin@kgarvinlaw.com
Attorney for Trustee

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Kathryn W. Drey, Esq., Assistant US Attorney, 21 Garden Street, Suite 400, Pensacola, FL 32502; United States Attorney, 21 Garden Street, Suite 400, Pensacola, FL 32502 and to the United States Attorney General, Main Justice Bldg., Rm. 511, Tenth & Constitution, Washington, DC 20530-0001 via US First Class Mail on the date this document was filed with the Court. All other creditors will be served via US First Class Mail by certificateofservice.com under a separate certificate of service.

      /s/ Karin A. Garvin
Karin A. Garvin, Esquire
Karin A. Garvin, P.L.
FL Bar No. 0106933
1801 W. Garden Street
Pensacola, FL 32502
Phone: (850) 437-5577
E-mail: kgarvin@kgarvinlaw.com
Attorney for Trustee

Ocean Title LLC  
1095 Broken Sound Pkwy NW  
Ste 100  
Boca Raton, FL 33487  
(866) 202-8200

ALTA Combined Settlement Statement

| File #: | OT-354 | **Property** | 48 Bald Eagle Drive | **Settlement Date** | 07/23/2021 |
| Prepared: | 05/10/2021 | | Santa Rosa Beach, FL 32459 | **Disbursement Date** | 07/23/2021 |
| Escrow Officer: | Joshua M. Liszt Esq. | **Buyer** | Dayton E. Shepard and | | |
| | | | Loretta M. Shepard | | |
| | | | 9470 Lazy Circles Drive | | |
| | | | Ooltewah, TN 37363 | | |
| | | **Seller** | Karin A. Garvin, as Trustee of | | |
| | | | the Bankruptcy Estate of | | |
| | | | Tara Foster | | |
| | | | 1801 West Garden Street | | |
| | | | Pensacola, FL 32502 | | |
| | | **Lender** | | | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Primary Charges & Credits** | | |
| | $340,000.00 | Sales Price of Property | $340,000.00 | |
| | | Deposit | | $3,400.00 |
| | | Loan Amount | | $272,000.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $908.33 | | County Taxes 01/01/2021 to 07/23/2021 | | $908.33 |
| $1,135.00 | | Title Policy Adjustment | | $1,135.00 |
| | | | | |
| | | **Payoffs/Payments** | | |
| $311,191.67 | | Payoff to MidFirst Bank | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees | $223.00 | |
| | | ---Deed: $23.00 | | |
| | | ---Mortgage: $200.00 | | |
| $2,380.00 | | Documentary Stamp Tax (State Deed Taxes) to Official Records Department | | |
| | | Documentary Stamp Tax (State Security Instrument Taxes) to Official Records Department | $952.00 | |
| | | E-Recording Fee to Simplifile | $9.00 | |
| | | Intangible Tax (State Security Instrument Taxes) to Official Records Department | $544.00 | |
| | | MTS Recording Fee to Official Records Department | $42.00 | |
| | | | | |
| | | **Commissions** | | |
| $13,600.00 | | Listing Agent Commission to Keller Williams Realty Emerald Coast | | |
| $6,800.00 | | Selling Agent Commission to Coldwell Banker Residential Real Estate | | |
| | | | | |
| | | **Title Charges** | | |
| | | Title - Lender's Title Policy to Fidelity National Title Insurance Company | $1,692.50 | |
| $150.00 | | Title- Abstract/Commitment Fee to Fidelity National Title Insurance Company | | |
| | | Title- Courier/Mailing Fee (2) to FedEx / Ocean Title LLC (reimb.) | $38.00 | |
| | | Title- CPL Fee to Ocean Title LLC | $175.00 | |
| $1,295.00 | | Title- Settlement/Closing Fee to Ocean Title LLC | $1,295.00 | |
| | | Title- Wire Fee (4 IN/1 OUT) to TD Bank / Ocean Title LLC (reimb.) | $60.00 | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| $640.00 | | Title - Owner's Title Policy to Fidelity National Title Insurance Company | | |
| | | **Miscellaneous Charges** | | |
| | | Broker Processing Fee (If App/Estimate) to Selling Agent | $295.00 | |
| | | Buyer's Premium Fee to Karin A. Garvin, as Trustee of the Bankruptcy Estate of Tara Foster | $20,000.00 | |
| | | HOA Admin/Transfer Fee (Estimate/If App) to HOA | $225.00 | |
| $1,500.00 | | HOA Outstanding Balance / Estoppel Request Fee to HOA | | |
| | | HOA Prepaid Assessment (If App/Estimate) to HOA | $158.94 | |
| $400.00 | | Municipal Lien Search Fee to Vendor / Ocean Title LLC (reimb.) | | |
| **Seller** | | | **Buyer** | |
| **Debit** | **Credit** | | **Debit** | **Credit** |
| $340,000.00 | $340,000.00 | Subtotals | $365,709.44 | $277,443.33 |
| | | Due from Buyer | | $88,266.11 |
| | $0.00 | Due from Seller | | |
| $340,000.00 | $340,000.00 | Totals | $365,709.44 | $365,709.44 |

See signature addendum

# Signature Addendum

**Acknowledgement**

We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement.
We/I authorize Ocean Title LLC to cause the funds to be disbursed in accordance with this statement.

_____   Date    _____   Date
Dayton E. Shepard                                   Karin A. Garvin, as Trustee of the Bankruptcy Estate of Tara Foster

_____   Date
Loretta M. Shepard

_____   Date
Settlement Agent